IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHAZMINE ENGLISH, as p/n/g of C.L. and J.L., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> ERIC DEVALKENAERE, *et al.*, <br><br> Defendants. | No. 21-00446-CV-W-BP |

## ORDER GRANTING MOTION TO INTERVENE

This case is a wrongful death action pursuant to Mo. Rev. Stat. § 537.080, brought by Plaintiffs Chazmine English, Brittany Lynch, and Terra Aaron, on behalf of their minor children, against Eric DeValkenaere and the Kansas City Board of Police Commissioners. (*See* Doc. 20 (the Amended Complaint).) Plaintiffs allege that DeValkenaere, while serving as a police officer, shot and killed Connor Lamb, who was the father of all of the minor children. (*Id*. at ¶ 1.) Plaintiffs assert that DeValkenaere violated Lamb's Fourth Amendment rights, (*id*. at ¶¶ 124, 128), and that the Kansas City Board of Police Commissioners maintained a custom or policy that contributed to the violation. (*Id*. at ¶ 138.) Plaintiffs also allege that they are the mothers of Lamb's children, and have filed suit acting as parents/natural guardians of those children. (*Id*. at ¶¶ 4–5.)

Missouri's wrongful death statute, which authorizes individuals who are related to a decedent to file a lawsuit seeking damages, provides that the following classes of individuals may recover: (1) "the spouse or children . . . or [] the father or mother of the deceased"; (2) "If there be no persons in class (1) entitled to bring the action, then [] the brother or sister of the deceased"; or (3) "If there be no persons in class (1) or (2) entitled to bring the action, then by a

plaintiff ad litem." Mo. Rev. Stat. § 537.800. Because Plaintiffs have sued on behalf of Lamb's children, they are all Class 1 beneficiaries under the statute; the Amended Complaint alleges that Plaintiffs' children are Lamb's "only wrongful death beneficiaries." (Doc. 20, ¶ 5.)

Now, Laurie Bey—who alleges that she is Lamb's mother, (*see* Doc. 37-1, ¶ 2)—has filed a motion to intervene. (Doc. 36.) Bey argues that she is entitled to intervene as of right under Fed. R. Civ. P. 24(a), and in the alternative, seeks permissive intervention under Fed. R. Civ. P. 24(b). Along with her motion, Bey has submitted an affidavit indicating that she contacted Plaintiffs' attorney asking to be involved n the lawsuit, and that the attorney "told [her] that [she] does not have the ability to bring a wrongful death lawsuit for [her] son's death." (Doc. 37-1, ¶ 4.) However, Bey argues that she, like Plaintiffs' children, is a Class 1 beneficiary under the statute by virtue of being Lamb's mother, and therefore does have a wrongful death cause of action. Both Plaintiffs and Defendants oppose Bey's motion to intervene. (Docs. 40, 42.) Significantly, Plaintiffs do not deny that their attorney told Bey she did not have a claim. (*See* Doc. 40 (Plaintiffs' response to Bey's motion).)

Federal Rule of Civil Procedure 24 governs intervention. Rule 24(a) governs intervention as of right, and provides that the Court "must permit anyone to intervene who . . . claims an interest relating to the . . . subject of the action . . . unless existing parties adequately represent that interest." Rule 24(b) governs permissive intervention, and provides that the Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." In determining whether to allow permissive intervention, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

2

The Court believes that Bey has alleged facts indicating that she is entitled to intervene as of right.  As Lamb's natural mother, she has a direct financial stake in the subject of this litigation because she is a Class 1 beneficiary.  Plaintiffs and Defendants suggest that because Missouri's wrongful death statute requires that any recovery under the statute shall be apportioned "among those persons entitled thereto in proportion to the losses suffered by each," MO. REV. STAT. § 537.095(3), Plaintiffs adequately represent Bey's interests.  (Doc. 40, p. 3; Doc. 42, p. 2.)  However, as Bey points out, she is in a unique position to provide allegations and evidence that may increase the damages the class of beneficiaries can recover, including funeral expenses and the loss of consortium with her son that Bey suffered.  (Doc. 37, p. 5.)  Moreover, Bey argues that the very fact that Plaintiffs claimed to be Lamb's "only wrongful death beneficiaries," (Doc. 20, ¶ 5), and that their attorney incorrectly told Bey she did not have a claim suggests that Plaintiffs do not adequately represent Bey's interests.  (Doc. 37, p. 5.)  The Court agrees that Plaintiffs' apparent attempt to exclude Bey from the litigation is troubling, and suggests that Bey has a separate interest in asserting her rights as a Class 1 beneficiary.  *E.g., United States v. Union Elec. Co.*, 64 F.3d 1152, 1170 (8th Cir. 1995) (for purposes of permissive intervention, where the intervenor's and the existing parties' interests are "disparate, even though directed at a common legal goal, . . . intervention is appropriate") (citation omitted).

Even if Bey were not entitled to intervene as of right, the Court would grant her permission to intervene under Rule 24(b).  Bey undoubtedly "has a claim or defense that shares with the main action a common question of law or fact."  Moreover, the Court does not believe Bey's intervention will unduly delay the case or prejudice the existing parties.  *See also Scott v. United States*, 2011 WL 690210, at *2 (E.D. Mo., Feb. 18, 2011) (granting a decedent's father's

3

motion for permissive intervention in a wrongful death action). Plaintiffs suggest that Bey unduly delayed her request to intervene, as this case has been pending for over a year and discovery has already begun. (Doc. 40, p. 4.) Bey, however, explains that she delayed attempting to intervene because Plaintiffs' counsel wrongly told her that she had no claim. (Doc. 37-1, ¶ 4.) Further, given that this case was stayed for months at the parties' request pending DeValkenaere's criminal trial, (*see* Doc. 23), discovery is still at a relatively early stage, so the Court is unconvinced that Bey's intervention will significantly slow proceedings down.

For these reasons, Bey's motion to intervene, (Doc. 36), is **GRANTED**. Bey shall file her proposed Complaint within seven days.

**IT IS SO ORDERED.**

Date: July 18, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT