IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CHAZMINE ENGLISH, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 4:21-cv-00446 |
| ERIC J. DEVALKENAERE, et al., | |
| Defendants. | |

SUGGESTIONS IN SUPPORT OF THE UNOPPOSED MOTION TO SUBSTITUTE

Plaintiffs, by and through undersigned counsel, hereby submit the following suggestions in support of the Unopposed Motion to Substitute Parties.

I. FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2021, Plaintiffs, the mothers of Cameron Lamb's children, filed this instant action against Eric DeValkenaere and members of the Kansas City Board of Police Commissioners asserting violations of Mr. Lamb's constitutional rights stemming from his fatal shooting by Eric DeValkenaere. (ECF No. 1) Subsequently thereto, on August 13, 2021, Plaintiffs filed an Amended Complaint. (ECF No. 20) Plaintiffs brought claims pursuant to Missouri's Wrongful Death Statute § 537.080 Mo.R.Stat. on behalf of Mr. Lamb's children. Subsequently, on June 6, 2022, Laurie Bey filed a Motion to Intervene as a Plaintiff. (ECF No. 36) The motion was granted by the Court on July 18, 2022. (ECF No. 44) Now, Plaintiffs and Intervenor Plaintiff seek leave to file a Second Amended Complaint for the purposes of consolidating the First Amended Complaint and Complaint in Intervention and to clarify claims asserted by the parties.

.

## II. LEGAL STANDARD

*A. Standard for Granting Leave to Amend*

Federal Rule of Civil Procedure Federal Rule of Civil Procedure 15(a)(2) provides that amendment should be freely granted by the Court when the interests of justice so require. Although the right to amend is not absolute, the Eighth Circuit has indicated that "amendment of pleadings is to be liberally allowed." *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). "Absent a good reason for denial – such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment – leave to amend should be granted." *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. ARGUMENT

This motion should be granted as the Second Amended Complaint will clarify claims and permit the litigation to proceed in a more streamlined manner. There exists no good reason for denial as there was no undue delay, bad faith or dilatory motive. Furthermore, there is no prejudice to the non-moving party as Defendants do not oppose the Motion. Therefore, the Court should grant leave to amend the complaint.

## IV. CONCLUSION

Wherefore, for the reasons stated herein, Plaintiffs requests the Court grant the Motion to Amend the Complaint. Plaintiff requests that the Proposed Amended Complaint, attached as Appendix A to this motion be docketed by the Court.

Respectfully submitted,

/s/ John J. Coyle

**MCELDREW PURTELL**
Daniel N. Purtell, Esq.
 PA Bar I.D. 310376
John J. Coyle, Esq.
 PA Bar I.D. 312084
Mark V. Maguire, Esq.
 PA Bar I.D. 94242
123 South Broad Street
Suite 2250
Philadelphia, PA 19109 215-545-8800
dan@mceldrewpurtell.com
jcoyle@mceldrewpurtell.com
mmaguire@mceldrewpurtell.com

**KRAUSE & KINSMAN**
Adam Krause, Esq.
MO Bar I.D. 67462
4717 Grand Ave. #300
Kansas City, MO 64112
816-307-2763
adam@krauseandkinsman.com

Date: December 2, 2022

**REED SMITH LLP**
John P. Kennedy, Esq.
 NY Bar I.D. 5553870
599 Lexington Avenue
22nd Floor New York, NY 10022
jkennedy@reedsmith.com
Rizwan A. Qureshi, Esq.
 D.C. Bar I.D. 1024603
1301 K Street, N.W.
Suite 1000
Washington, D.C. 20005
202-414-9200
rqureshi@reedsmith.com

**DAVID R. SMITH, PC**
David R. Smith, Esq.
MO Bar I.D. 39088
4310 Madison Avenue, Suite 100
Kansas City, Missouri 64111
816-753-9393